UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**HECTOR MULERO ALGARIN,**

        **Petitioner,**

v.                                        **Case No. 5:22-cv-628-CEM-PRL**

**WARDEN, FCC COLEMAN-LOW,**

        **Respondent.**
_____/

### ORDER

THIS CAUSE is before the Court on Hector Mulero Algarin's Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed pursuant to 28 U.S.C. § 2241. Petitioner requests the Federal Bureau of Prisons ("BOP") provide him with the credit he earned under the First Step Act of 2018 ("FSA"), 18 U.S.C. § 3632. For the reasons set forth below, the Petition will be dismissed.

### I. BACKGROUND

Petitioner is a federal inmate incarcerated at the Coleman Federal Correctional Complex within this District and Division. In October 2015, Petitioner was sentenced to a 120-month term of imprisonment for conspiring to possess controlled substances on board a vessel to the jurisdiction of the United States with the intent

to distribute it, in violation of 46 U.S.C. §§ 70503(a)(1), 70504(b)(1) and 70506(a) and (b). *See* Criminal Case No. 3:14-cr-748-PAD (D.P.R.).

On November 17, 2022,[1] Petitioner filed his Petition challenging the BOP's calculation of his sentence. (Doc. 1). Petitioner asserts he is entitled to "over a year" of earned time credit under the FSA. *Id*. at 10. Petitioner contends that exhaustion of this claim is futile. *Id*. at 10. Respondent disagrees and moves to dismiss this claim based on lack of exhaustion. (Doc. 5).

## II. ANALYSIS

### A. Exhaustion of Administrative Remedies

Though exhaustion is not considered jurisdictional in a § 2241 proceeding, courts may not "disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). District courts follow a two-step process to determine whether to dismiss a § 2241 petition for failure to exhaust administrative remedies. *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 854 (11th Cir. 2020) (citing *Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008)). First, a court looks to the facts alleged by the inmate and the respondent. *Id*. at 856. If the parties' factual allegations conflict, the court accepts as true the inmate's version of events. *Id*. Where the

---

[1] Under the "mailbox rule," a prisoner's filing is deemed filed on the date it was signed and delivered to authorities for mailing. *See Adams v. United States*, 173 F.3d 1339 (11th Cir. 1999).

inmate's allegations establish his failure to exhaust administrative remedies, the court must dismiss the petition. *Id*.

If the inmate's factual allegations do not support the dismissal of his petition at the first step, however, the court proceeds to the second step of its analysis. *Id*. There, the respondent bears the burden of establishing that the inmate failed to exhaust his administrative remedies. *Id*. The court must "make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. Upon making such findings, the court determines whether the inmate has exhausted his administrative remedies. *Id*. at 857.

Because Petitioner and Respondent's factual allegations do not conflict, the Court may resolve this matter at the first step of the analysis. Both parties agree that Petitioner has not exhausted his administrative remedies. *See* Doc. 1 at 10; Doc. 5 at 6–7. To be sure, a BOP administrative remedy report reveals that Petitioner has failed to seek administrative review of his eligibility to receive FSA earned time credits at any level of the BOP's three-level administrative remedy process. *See* Doc. 5-4 at 3, 9–10. Petitioner has not exhausted his administrative remedies. The Petition is therefore due to be dismissed.

Still, Petitioner avers that this failure to exhaust must be excused on the basis of futility. (Doc. 1 at 2, 10). According to Petitioner, exhaustion is futile because the calculation of earned time credits is automated and predetermined. *Id*. at 10.

While futility may generally be raised as an exception to the exhaustion requirement, "there are grounds for doubt that a futility exception is available on a § 2241 petition in this circuit." *Perez v. Joseph*, No. 3:22-cv-2055-MCR-HTC, 2022 WL 2181090, at *2 (N.D. Fla. May 4, 2022) (internal quotations omitted). Before the Eleventh Circuit determined that the exhaustion requirement is not jurisdictional in nature, *see Santiago-Lugo*, 785 F.3d at 475, the Eleventh Circuit stated that there is no established futility exception to exhaustion on a § 2241 petition, *see McGee v. Warden, FDC Miami*, 487 F. App'x 516, 518 (11th Cir. 2012). Regardless, circuits that recognize the futility exception have limited its application to "extraordinary circumstances." *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (citation omitted). It is ultimately the petitioner's burden to demonstrate the futility of administrative review. *Id.* (citation omitted).

To the extent that this circuit recognizes the futility exception on a § 2241 petition, Petitioner has not demonstrated any extraordinary circumstances warranting the exception's application. With an anticipated release date of October 25, 2029, *see* Doc. 1 at 12, Petitioner has ample time to exhaust his administrative remedies. The fact that Petitioner believes he will not be successful does not render exhaustion futile. If Petitioner is indeed unsuccessful at the last stage of the BOP's administrative remedy process, he may refile his § 2241 petition in federal court.

### III. CONCLUSION

It is therefore **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk of Court shall close this case.

**DONE** and **ORDERED** in Orlando, Florida on November 21, 2023.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party